# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MELISSA K. LYNCH,
     Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
     Agency.

DOCKET NUMBER
CH-1221-20-0040-W-1

DATE: March 27, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Linda Rademaker, Swayzee, Indiana, for the appellant.

Preandra Landrum, Indianapolis, Indiana, for the agency.

Nicholas Pasquarella, Esquire, Akron, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On April 1, 2018, the appellant was appointed to the position of Nurse, subject to a 2-year probationary period. Initial Appeal File (IAF), Tab 9 at 145. On November 1, 2018, she was notified that a Summary Probationary Review and Nurse Professional Standards Board (PSB) was set to convene after the agency had identified eight allegations of conduct unbecoming a Government employee, which included alleged conduct such as calling her supervisor a liar, dancing inappropriately in a hallway in front of a veteran patient, raising her shirt above her breasts exposing her brassiere while at work, and leaving a veteran patient alone in a retail store. *Id*. at 41-42. After convening and considering the appellant's reply to the allegations, the PSB sustained the charge and recommended that the appellant be separated during her probationary period. *Id*. at 30-40. On January 31, 2019, the agency terminated the appellant during her probationary period, effective February 16, 2019. *Id*. at 16-18.

On May 6, 2019, the appellant filed a complaint with the Office of Special Counsel (OSC), wherein she claimed that her termination was in reprisal for a July 2018 disclosure in which she informed an agency Police Officer that, in June and July of 2018, her supervisor repeatedly instructed staff not to call a code orange for a psychiatric emergency on a certain veteran patient, which she claimed was "unsafe" and a violation of law, rule, or regulation, gross mismanagement, and an abuse of authority.[2] IAF, Tab 1 at 23, 27. By letter dated August 20, 2019, OSC informed the appellant that it was closing its investigation into her allegations and that she had the right to seek corrective action from the Board. *Id*. at 30.

---

[2] According to the agency's code orange policy statement, a code orange is defined as a "behavior emergency that requires prompt intervention from a multidisciplinary team to prevent harm to the [v]eterans, visitors, [] staff, or to property." IAF, Tab 9 at 115.

Thereafter, the appellant filed the instant appeal with the Board, asserting that she disclosed to a sergeant, a captain, and an officer with the agency's police force that her supervisor repeatedly instructed staff not to call a code orange for a particular veteran and that, in reprisal for the disclosure, the agency took the following actions against her: (1) issued a letter of expectation; (2) increased face-to-face counseling sessions; (3) ignored emails from her; (4) failed to timely provide requested documentation to assist in her response to the agency's allegations against her; and (5) terminated her during her probationary period. IAF, Tab 1, Tab 4 at 4. She also alleged that her disclosure was a contributing factor to the alleged actions because it "aligned with the timing of the start of [the] retaliation." *Id.*

Without holding the appellant's requested hearing, IAF, Tab 1 at 2, the administrative judge issued an initial decision on the pleadings, IAF, Tab 19, Initial Decision (ID) at 1. She found that the sole personnel action exhausted by the appellant before OSC was her probationary termination and that the appellant failed to nonfrivolously allege that she made a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8) that was a contributing factor to her termination. ID at 4, 8-9. Accordingly, she dismissed the appeal for lack of jurisdiction.

The appellant has filed a petition for review of the initial decision, wherein she claims that the administrative judge erred in concluding that she failed to nonfrivolously allege that her disclosure was protected under section 2302(b)(8) and that the disclosure was a contributing factor to her probationary termination. Petition for Review (PFR) File, Tab 1 at 4-6. She also submits with her petition for review a new employee quarterly review form dated July 5, 2018. *Id.* at 7-8. The agency has responded to the appellant's petition for review. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant established Board jurisdiction over her IRA appeal.

The Board has jurisdiction over an IRA appeal under the Whistleblower Protection Enhancement Act if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor to the agency's decision to take or fail to take a personnel action. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

As an initial matter, the record demonstrates, and neither party disputes, that the appellant exhausted with OSC her claim that the agency terminated her probationary appointment in reprisal for the disclosure concerning her supervisor's instruction to not call a code orange on a veteran patient. IAF, Tab 1 at 23. The appellant does not challenge on review the administrative judge's finding that this was the only claim exhausted with OSC. As such, we agree with the administrative judge's conclusion that the Board may only consider whether the appellant's termination was in reprisal for her disclosure concerning the code orange. ID at 4; *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011) (stating that the Board may consider only matters that the appellant first raised and exhausted before OSC). Therefore, the issue currently before the Board is whether the appellant nonfrivolously alleged that her disclosure was protected under 5 U.S.C. § 2302(b)(8) and whether it was a contributing factor to the agency's decision to terminate her. As explained below, we find that the appellant has made such nonfrivolous allegations.

*The appellant nonfrivolously alleged that she made a protected disclosure under 5 U.S.C. § 2302(b)(8).*

A nonfrivolous allegation of a protected disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable

person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno*, 123 M.S.P.R. 230, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.*

In the initial decision, the administrative judge considered the appellant's disclosure regarding her supervisor instructing employees not to call a code orange on a specific patient and correctly observed that the appellant's disclosure could be construed as a disclosure of a policy dispute. ID at 5, 8-9. The Board has stated that "general philosophical or policy disagreements with agency decisions or actions are not protected unless they separately constitute a protected disclosure of one of the categories of wrongdoing listed in section 2302(b)(8) (A)." *See Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015); *see also* 5 U.S.C. § 2302(a)(2)(D). In other words, if an appellant has a reasonable belief that the disclosed information evidences the kinds of misconduct listed in section 2302(b)(8) rather than a policy disagreement, then the disclosure is protected. *See Webb*, 122 M.S.P.R. 248, ¶ 9. The administrative judge concluded that "the appellant's alleged disclosure does not facially allege a violation of any law, rule or regulation, gross mismanagement; a gross waste of funds; an abuse of authority; or substantial and specific danger to public health or safety." ID at 8. Rather, she found that the appellant's allegation "appears to concern agency policy decisions." *Id.* Therefore, she concluded that the appellant's alleged disclosure was "excluded from the definition of a protected disclosure." *Id.*

We agree with the administrative judge that, in her pleadings to the administrative judge, the appellant failed to facially allege a violation of any of

the categories of wrongdoing set forth in section 2302(b)(8). IAF, Tab 1 at 4, Tab 4 at 4-5. However, in her petition for review, the appellant alleged that "[a] reasonable person would agree that an employee reporting a Nurse Manager giving a direct order to her staff to violate a policy that creates detrimental care of a veteran . . . is an abuse of power." PFR File, Tab 1 at 4. Although the appellant did not allege an abuse of power below, IAF, Tab 4, and the Board will generally not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence that was not previously available despite the party's due diligence, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016), we will consider the appellant's new argument on this jurisdictional issue because jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during Board proceedings, *see Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

Although an "abuse of power" is not precisely a category of wrongdoing listed in section 2302(b)(8)(A), the Board has stated that "[a]ny doubt or ambiguity as to whether the appellant made a nonfrivolous jurisdictional allegation should be resolved in favor of finding jurisdiction." *See Usharauli v. Department of Health and Human Services*, 116 M.S.P.R. 383, ¶ 19 (2011). As such, we construe the appellant's "abuse of power" allegation as an allegation of an abuse of authority or gross mismanagement, as contemplated by 5 U.S.C. § 2302(a)(2)(D)(ii). An employee discloses an abuse of authority when she alleges that a Federal official has arbitrarily or capriciously exercised power which has adversely affected the rights of any person or has resulted in personal gain or advantage to herself or to preferred other persons. *Webb*, 122 M.S.P.R. 248, ¶ 10 n.3. She discloses gross mismanagement when she alleges that a management action or inaction creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission. *See Cassidy v. Department of Justice*, 118 M.S.P.R. 74, ¶ 8 (2012).

Here, the appellant alleges that her supervisor's instruction not to call a code orange "creates detrimental care of a veteran." PFR File, Tab 1 at 4. Such an allegation of "detrimental care of a veteran" could conceivably adversely affect the rights of another person or create a substantial risk of significant adverse impact on the agency's ability to accomplish its mission, namely, to care for veteran patients. Given the minimal showing required to meet the nonfrivolous allegation standard, we find that the appellant has met her burden of nonfrivolously alleging that she made a protected disclosure under 5 U.S.C. § 2302(b)(8). *See Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 10 (2007) (observing that the appellant's burden of making a nonfrivolous allegation is low and requires only a minimally sufficient showing). Although the appellant's allegations are sufficient to meet her jurisdictional burden, we emphasize that, on remand, she must prove by preponderant evidence that her disclosure involved more than a policy disagreement. *See generally Salerno*, 123 M.S.P.R. 230, ¶ 5.

> *The appellant nonfrivolously alleged that her protected disclosure was a contributing factor to the agency's decision to separate her from her position.*

Because the appellant nonfrivolously alleged that her disclosure was protected under 5 U.S.C. § 2302(b)(8), she must next nonfrivolously allege that it was a contributing factor to the personnel action at issue. *See Salerno*, 123 M.S.P.R. 230, ¶ 5. To satisfy the contributing factor criterion at the jurisdictional stage, the appellant need only raise a nonfrivolous allegation that the fact of, or the content of, the protected disclosure was one factor that tended to affect the personnel action in any way. *Id.*, ¶ 13. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor to a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action

occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor to the personnel action. *Id.*

As previously noted, the appellant alleged below that her disclosure "aligned with the timing of the start of retaliation." IAF, Tab 4 at 4. In the initial decision, the administrative judge found that this allegation was insufficient to constitute a nonfrivolous allegation of contributing factor. ID at 9. Specifically, she stated that the record reflects, and the appellant did not dispute, that the "identified" police officers to whom the appellant made her disclosure had no involvement or role in the decision to terminate the appellant's employment and that the appellant failed to allege that those officers communicated her alleged disclosure to any of the nursing personnel who recommended or sustained her termination. *Id.* She noted, however, that one of the officers to whom the appellant made the disclosure reported the communication to the appellant's supervisor but that she was unable to find that "the officials recommending and sustaining the probationary termination knew of the disclosure." *Id.*

On review, the appellant alleges that the deciding official, who ultimately terminated her, was aware of her disclosure. PFR File, Tab 1 at 5. Specifically, she points to an October 19, 2018 step 3 grievance concerning alleged harassment of her by her supervisor in retaliation for her disclosure. *Id.*; IAF, Tab 9 at 22-33. In the memorandum, which was addressed to the deciding official in the appellant's termination, she, through her union representative, reiterates her disclosure, namely, that her supervisor had told employees not to call a code orange on a specific patient. IAF, Tab 9 at 22-23. Thus, the appellant has alleged on review that the deciding official responsible for her termination was aware of her disclosure and that, within approximately 3 months of becoming aware of the disclosure, he terminated her from her position. PFR File, Tab 1 at 5; IAF, Tab 9 at 17-18, 22-23. The Board has stated that a personnel action that occurs within 1 to 2 years of the protected disclosure satisfies the timing portion of the knowledge/timing test. *See Mastrullo v. Department of Labor*,

123 M.S.P.R. 110, ¶ 21 (2015); *Salerno*, 123 M.S.P.R. 230, ¶ 14. Thus, the appellant's allegations meet the knowledge/timing test with respect to the deciding official. Accordingly, we find that the appellant nonfrivolously alleged that she made a protected disclosure that was a contributing factor to her termination.

The appellant also alleges on review that her disclosure was a contributing factor to the initiation and completion of the PSB investigation. PFR File, Tab 1 at 5-6. She did not make this allegation below, IAF, Tabs 1, 4, and as noted above, the administrative judge found that the only claim that was properly exhausted with OSC was the claim that the appellant's termination was in reprisal for her disclosure. ID at 4. In doing so, however, the administrative judge seemingly did not consider the possible retaliatory role of the PSB. We have reviewed the record, and it appears that the appellant sufficiently exhausted her claim with OSC that the agency initiated the PSB investigation in reprisal of her disclosure. IAF, Tab 1 at 30.

The appellant's allegation that her disclosure was a contributing factor to the initiation and completion of the PSB investigation suggests that she is claiming that the PSB's investigation is a personnel action. The Board has consistently stated that an investigation is not generally considered a personnel action. *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 21 (2012); *Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 7 (2007). However, if it is established that the investigation was so closely related to a personnel action that it could have been a pretext for gathering evidence to use to retaliate against an employee for whistleblowing so as to constitute a claim of a retaliatory investigation, the Board will consider evidence concerning the investigation when assessing the merits of the appeal and when determining whether the agency has proven that it would have taken the personnel action in the absence of the disclosure, particularly, when analyzing the strength of the agency's evidence supporting the action. *Mattil*, 118 M.S.P.R. 662, ¶ 21; *Mangano v. Department of*

*Veterans Affairs,* 109 M.S.P.R. 658, ¶ 44 (2008); *Russell v. Department of Justice,* 76 M.S.P.R. 317, 323-28 (1997). Similarly, the appellant's allegation that members of the PSB were aware of her disclosure may also be relevant to the merits analysis of whether the agency proved by clear and convincing evidence that it would have terminated the appellant even in the absence of her disclosure, particularly when determining whether and to what degree agency officials had a motive to retaliate, because the record demonstrates that the PSB influenced the ultimate decision to terminate the appellant by initially recommending that action.[3] IAF, Tab 9 at 31; *see Aquino v. Department of Homeland Security,* 121 M.S.P.R. 35, ¶ 29 (2014) (finding that the portion of the clear and convincing evidence analysis dealing with the motive of the agency to retaliate weighed against the agency in light of the influence exerted by an agency official with a motive to retaliate). Nonetheless, for purposes of jurisdiction, we do not consider whether the appellant nonfrivolously alleged that agency officials initiated and undertook the PSB investigation in reprisal for her disclosure because the PSB investigation does not constitute a personnel action. *See Mattil,* 118 M.S.P.R. 662, ¶ 21.

<u>The appellant has not shown that the evidence submitted for the first time on review was not available before the record closed below.</u>

As noted above, the appellant submits with her petition for review a document concerning a new employee quarterly review. PFR File, Tab 1 at 7-8. This document was not included in the record below. IAF, Tabs 1, 4. Under

---

[3] We recognize that, in a situation where a particular management official who is acting with an improper animus influences a deciding official who is unaware of the improper animus when implementing a personnel action, a "cat's paw" theory may be applied to establish that the deciding official had constructive knowledge of the protected disclosure or activity, thereby meeting the knowledge prong of the knowledge/timing test for the contributing factor analysis. *See Staub v. Proctor Hospital,* 562 U.S. 411, 415-16, 422-23 (2011); *Dorney v. Department of the Army,* 117 M.S.P.R. 480, ¶ 11 (2012). That is not the situation presented here, however, because the record otherwise establishes that the deciding official had actual knowledge of the appellant's protected disclosure. IAF, Tab 9 at 22-23.

5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Here, the document is dated July 5, 2018, and the appellant did not file her Board appeal until October 22, 2019. IAF, Tab 1; PFR File, Tab 1 at 7-8. Thus, the document was available before the record closed below, and the appellant has not explained why, despite her due diligence, she failed to submit it below. Accordingly, we have not considered it.

## ORDER

For the reasons discussed above, we grant the appellant's petition for review, and we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order.[4]

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[4] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.